MICHELE BECKWITH
Acting United States Attorney
J. DOUGLAS HARMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TAEZON LAURECE SANDERSON,<br><br>Defendant. | CASE NO. 2:25-cr-00054-JAM<br><br>**FIRST STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE AND EXCLUDE TIME**<br><br>DATE: April 8, 2025<br>TIME: 9:00 a.m.<br>COURT: Hon. John A. Mendez |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on April 8, 2025.

2. By this stipulation, defendant now moves to continue the status conference until May 6, 2025, and to exclude time between April 8, 2025, and May 6, 2025, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has represented that the discovery associated with this case includes multiple extracted cell phones and video surveillance footage, totaling multiple gigabytes of data. Discovery also includes hundreds of pages of reports and photos. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

      b)      Counsel for defendant desires additional time to review this voluminous discovery and discuss the charge with his client.

      c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)      The government does not object to the continuance.

      e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 8, 2025 to May 6, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

[this section left intentionally blank]

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

IT IS SO STIPULATED.

Dated: March 28, 2025

MICHELE BECKWITH
Acting United States Attorney

/s/ J. DOUGLAS HARMAN
J. DOUGLAS HARMAN
Assistant United States Attorney

Dated: March 28, 2025

/s/ MICHAEL LONG
MICHAEL LONG
Counsel for Defendant
TAEZON LAURECE SANDERSON

**ORDER**

IT IS SO ORDERED.

Dated: March 31, 2025

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE